**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Lora Caren Kennedy, *trustee of* Prickly Pear Living Trust dated May 12, 2025,

Plaintiff,

v.

Glendalloch Holdings Incorporated, *et al.*,

Defendants.

No. CV-26-07204-PHX-JJT

**ORDER**

At issue is Plaintiff/Counterdefendant's Application for Preliminary Injunction, Expedited Special-Action Relief under A.R.S. § 33-420(B), and Order to Show Cause (with Notice) (Doc. 12, Mot.), to which Defendants/Counterclaimants filed a Response (Doc. 16, Resp.) and Plaintiff/Counterdefendant filed a Reply (Doc. 17, Reply). Upon review of the briefing and evidence submitted, the Court finds it appropriate to resolve Plaintiff's Motion without oral argument. LRCiv 7.2(f).

## I. BACKGROUND

On July 22, 2008, Keith Kennedy and Lora Caren Kennedy, husband and wife, executed a Deed of Trust and Assignment of Rents in the amount of $350,000 in conjunction with their acquisition of and secured by real property on North 40th Street in Phoenix, Arizona, naming Defendant Glendalloch Holdings, Inc. as Beneficiary. (Doc. 1-1 at 2–46, Verified Compl. ("Compl.") Ex. 2, Deed of Trust.) The Deed of Trust provided for "[p]ayment of the indebtedness in the principal sum of $350,000 evidenced by a Promissory Note or Notes of even date herewith, and any extension or renewal thereof,

executed by Trustor in favor of Beneficiary or order," as well as "[p]ayment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a Promissory Note or Notes reciting that they are secured by a Deed of Trust." (Deed of Trust at 2.) Paragraph 18 of the Deed of Trust reads, "All due and payable on or before December 31, 2012." (Deed of Trust at 4.) The Deed of Trust was recorded on July 25, 2008. (Compl. ¶ 17; Deed of Trust at 7.)

In their Response in opposition to Plaintiff's present Motion, Defendants submitted the Declaration of Defendant Matthew "Matt" Kennedy, Keith's son, who avers he is the former president of Glendalloch Holdings, the Beneficiary to the Deed of Trust. (Resp. Ex. 1, Matt Kennedy Decl. ¶ 2.) A 2017 email from Keith Kennedy states that a trust established for the benefit of his family provided the funds for the loan from Glendalloch Holdings to Keith and Lora Caren Kennedy under the Deed of Trust (referred to as a "mortgage" in the email) secured by the North 40th Street property. (Matt Kennedy Decl. Ex. A.) Keith Kennedy passed away in 2023 (Matt Kennedy Decl. ¶ 13), and upon his death Glendalloch Holdings was "soon after wound up" (Resp. at 2). Matt avers that he is "the current Trustee of Glendalloch Creditor Trust, the successor entity to Glendalloch Holdings, Inc." (Matt Kennedy Decl. ¶ 2.)

There is no evidence in the record of payments to the Beneficiary, Glendalloch Holdings, under the Deed of Trust and the associated Promissory Note. After Keith Kennedy's death, Lora Caren Kennedy was the sole owner of the North 40th Street home, and on May 12, 2025, she conveyed it to herself as Trustee of the Prickly Pear Living Trust dated May 12, 2025—Plaintiff in this action—for ten dollars. (Compl. Ex. 1.) Plaintiff then sought to sell the property earlier this year, entering into a written contract for its sale for $1.2 million. (Compl. ¶¶ 51, 52.) But "[t]he title company identified the 2008 Deed of Trust as an exception and required its release and reconveyance as a condition of issuing clear title." (Compl. ¶ 53.) "When met with a release demand by Plaintiff's title company, [Matt Kennedy] first found an unsigned copy of a promissory note with a 7.5% interest rate, which [he] believed at the time to be the Promissory Note referenced in the Deed of Trust,"

so he refused the release demand and requested a payoff in the amount of $822,500. (Matt Kennedy Decl. ¶¶ 3–4.) "After the payoff demand, [Matt Kennedy] found [the 2017] email from [his] father Keith Kennedy to JP Morgan, wherein Keith Kennedy attached an unsigned copy of a promissory note and affirmed the existence of the debt." (Matt Kennedy Decl. ¶ 5; Ex. A.) That Promissory Note is in the amount of $350,000, refers to the Deed of Trust, is dated July 22, 2008—the same date as the Deed of Trust—and provides for an interest rate of "3.45% per annum beginning July 25, 2008" that "shall continue until December 31, 2028, at which time the unpaid principal balance together with interest thereon shall be due and payable." (Matt Kennedy Decl. Ex. B.) Defendants now seek a payoff by Plaintiff on the Promissory Note of approximately $570,000 in order to satisfy the demand to release the Deed of Trust on the property. (Doc. 14, Answer & Counterclaim ("Countercl.") ¶ 62.)

Defendants state they do not possess the signed Promissory Note to which the Deed of Trust refers. Matt Kennedy suggests that the signed Note could be in one of three locations. First, Keith and Lora Caren Kennedy had a home in Dallas, Texas, at which Keith "had a two-drawer file cabinet in which Keith and Lora Caren Kennedy kept financial documents and other paperwork." (Matt Kennedy Decl. ¶ 11.) Matt states he "[does] not know what happened to this file cabinet after Keith Kennedy passed away in 2023." (Matt Kennedy Decl. ¶ 13.) Second, Matt shared office space with his father at the law practice they had together, and after his father's death, "Lora Caren Kennedy had a box, which she loaded with [his] father's personal files and other effects," but Matt does "not know what happened to the box." (Matt Kennedy Decl. ¶¶ 14–16, 18.) Third, Keith Kennedy "had a storage unit in which he kept certain items," and after his death, "Lora Caren Kennedy took possession of this unit and removed certain items." (Matt Kennedy Decl. ¶¶ 19–20.)

Because the Deed of Trust states, "All due and payable on or before December 31, 2012" (Deed of Trust at 4), and under Arizona law the statute of limitations period on a claim for payment ended six years later, in 2018, Plaintiff contends any claim Defendants had for payment on the Deed of Trust expired and they are thus obligated to release the

Deed of Trust. (Compl. ¶ 35; Mot. at 3–4.) Likewise, under A.R.S. § 33-714(A)(1), which provides that a lien expires ten years after the last date for payment, Plaintiff maintains that any lien on the property expired on December 31, 2022. (Mot. at 5.) Moreover, to the extent Defendants contend there is a Promissory Note with different terms, Plaintiff argues Defendants have not produced the signed Promissory Note referred to in the Deed of Trust. (Compl. ¶ 36; Mot. at 2.) For these additional reasons, Plaintiff contends Defendants are obligated to release the Deed of Trust.

Plaintiff filed a Verified Complaint in state court on September 17, 2026, and Defendants removed this case to this Court on October 1, 2026. (Doc. 1.) Plaintiff raises five claims and two species of relief in the Complaint, all under Arizona state law, including claims for quiet title and removal of cloud on title, declaratory judgment, willful failure to release invalid lien, wrongful recording/assertion of invalid lien, and intentional interference with contractual relations, as well as requests for special action relief to immediately clear title and for injunctive relief. (Compl. at 9–16.) In response, Defendants filed an Answer and Counterclaim raising four counterclaims under Arizona state law against Plaintiff, including fraudulent transfer, breach of contract—promissory note, tortious interference, and declaratory judgment. (Countercl. at 21–25.)

Plaintiff has now moved for special action relief under A.R.S. § 33-420(B) and a preliminary injunction to "immediately clear[] an invalid and unenforceable Deed of Trust from Plaintiff's Property." (Mot. at 1.)

## II. LEGAL STANDARDS

### A. Special Action Relief

In Arizona,

> (A) A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged or groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property for the sum or at least $5,000 or for

> treble the actual damages caused by the recording, whichever is greater, and reasonable attorney fees and costs of the action.
>
> (B) The owner or beneficial title holder of the real property may bring an action pursuant to this section in the superior court in the county in which the real property is located for such relief as is required to immediately clear title to the real property as provided for in the rules of procedure for special actions. This special action may be brought based on the ground that the lien is forged or groundless, contains a material misstatement or false claim or is otherwise invalid. The owner or beneficial title holder may bring a separate special action to clear title to the real property or join such action with an action for damages as described in this section. In either case, the owner or beneficial title holder may recover reasonable attorney fees and costs of the action if the owner or beneficial title holder prevails.

A.R.S. § 33-420(A)–(B).

**B. Preliminary Injunction**

A movant seeking a preliminary injunction must show that: 1) she is likely to succeed on the merits of his claim; 2) she is likely to suffer irreparable harm absent the preliminary injunctive relief; 3) the balance of equities tips in her favor; and 4) the relief she seeks is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). While a movant must make a showing on each element of the *Winter* test, the formulation of that test may be slightly altered where the balance of hardships tips sharply towards her. In that circumstance, the movant need only show serious questions going to the merits rather than likelihood of success on those merits. *Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020) (internal quotations and citations omitted). Nonetheless, the movant bears the burden of persuasion and must still make a clear showing of entitlement to relief. *Winter*, 555 U.S. at 22. To that end, the Court remains mindful that temporary injunctive relief is "an extraordinary remedy" to be granted only when the above standards are all met. *Id.*

The Ninth Circuit distinguishes between prohibitory and mandatory injunctions. A prohibitory injunction is said to maintain the *status quo* to prevent a further violation, while a mandatory injunction requires a respondent to "take action." *Marlyn Nutraceuticals, Inc., v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009). Where a mandatory

injunction "goes well beyond simply maintaining the status quo," it is particularly disfavored and thus should not issue "in doubtful cases or where the injury complained of is capable of compensation in damages" and unless there exists a risk of "extreme or very serious damage." *Id.*; *see also Hernandez v. Sessions*, 872 F.3d 976, 997 (9th Cir. 2017).

## III. ANALYSIS

To begin with, it is not clear to the Court that A.R.S. § 33-420(A)–(B) applies in this instance. There is no evidence the Deed of Trust was recorded "knowing or having reason to know that the document is forged or groundless, contains a material misstatement or false claim or is otherwise invalid," as § 33-420(A) requires. Plaintiff's argument that the Deed of Trust is unenforceable now, 18 years after its execution, is not evidence it was recorded with knowledge it was invalid, as the plain language of the statute requires, and Plaintiff provides no legal support to the Court for the applicability of that section of the statute in this case.[1] The special action authorized in § 33-420(B) follows from the requirements of § 33-420(A). The Court will thus not address Plaintiff's request for relief under § 33-420, but will instead examine Plaintiff's request under the legal standard for preliminary injunctive relief, which is also Defendants' sole focus in their Response.

### A. Likelihood of Success on the Merits

Plaintiff's request for preliminary injunctive relief and the parties' claims and counterclaims in this matter center on the terms of the Deed of Trust and Promissory Note.

---

[1] Plaintiff—as signatory and Trustor of the Deed of Trust and member of the marital community—may have paid for and even executed the recording of the Deed of Trust, and if that were the case, a claim under § 33-420(A) as Trustee of the Prickly Pear Trust would in one sense be against herself as the recording party in her role as Trustor of the Deed of Trust. But no evidence demonstrates the Deed of Trust was invalid when recorded, so that type of § 33-420(A) claim does not arise here. To the extent § 33-420 contemplates a claim against a party trying to enforce a lien with knowledge that it was valid when recorded but invalid at the time of the attempted enforcement, as discussed *infra* it is an open question whether the Deed of Trust is unenforceable, considering the terms of the associated Promissory Note, and thus whether Defendants "know or hav[e] reason to know" the lien is invalid. Thus, special action relief under the statute does not arise in that context either. In any event, in view of the evidence before the Court, there is no merit to Plaintiff's assertion that the debt associated with the Deed of Trust belonged to Keith Kennedy alone, and not the marital community, both because she signed the Deed of Trust and there is a line for her signature on the unsigned Promissory Note Defendants hold, and because in Arizona, debt incurred during marriage is presumed to be a community debt unless there is clear and convincing evidence to the contrary, *see Gutierrez v. Gutierrez*, 972 P.2d 676, 679 (Ariz. Ct. App. 1998).

A promissory note is by definition "an unconditional written promise, signed by the maker, to pay absolutely and in any event a certain sum or money either to, or to the order of, the bearer or a designated person. In other words, a promissory note is a contract evidencing a debt and specifying the terms under which one party will pay money to another." *Proof of Validity and/or Enforceability of Promissory Notes*, 144 Am Jur. Proof of Facts 3d 323 (Nov. 2026). The Deed of Trust in this instance is a separate but related contract that secures the Promissory Note, creating a lien on the North 40th Street property and providing enforcement mechanisms and remedies available to the beneficiary, Glendalloch Holdings or its order or assign. (Deed of Trust at 2–4.) Under Arizona law, a mortgage or deed of trust "is a mere incident of the underlying debt" set forth in the promissory note; the promissory note thus represents the primary obligation, and the deed of trust is the security instrument that follows it. *PNL Asset Mgmt. Co. v. Brendgen & Taylor P'ship*, 970 P.2d 958, 965 (Ariz. Ct. App. 1999).

Plaintiff contends that while Defendants possess an unsigned Promissory Note, they can only rely on and seek enforcement of a signed Promissory Note they hold. Under Arizona law, where the validity of a signature on a promissory note is challenged, the burden of demonstrating the authenticity of the note falls on the party asserting it, which here is Defendants. *See In re Connelly*, 487 B.R. 230, 241 (Bankr. D. Ariz. 2013). As set forth *supra*, Defendants provide evidence by way of the Declaration of Matt Kennedy that likely control of the signed copy of the Promissory Note lies in the hands of Plaintiff herself, and Defendants also posit that JP Morgan and the Trustee to the Deed of Trust, Arizona Title Company, possess copies of the signed Promissory Note. (Matt Kennedy Decl. ¶¶ 11–20; Resp. at 8.) The Court cannot at this juncture determine whether the signed Promissory Note will be uncovered in discovery or, more to the point for the purposes of the present Motion, if Plaintiff is likely to succeed on the merits of her claim that the terms of the unsigned Promissory Note Defendants hold will not be enforceable. In the absence of the original, signed Promissory Note, Defendants may be able to prevail on their argument (Resp. at 3–4 & n.2) that the unsigned Promissory Note they hold, or a copy of

the signed Promissory Note they discover, should be deemed admissible as evidence to establish its making and contents.[2] *See In re Schade's Estate*, 351 P.2d 173, 175 (Ariz. 1960).

Plaintiff premises her claims on the expiration of the 2008 Deed of Trust, which itself states, "All due and payable before December 31, 2012." (Deed of Trust at 4.) But Defendants raise a fact issue as to the expiration, providing the unsigned Promissory Note that on its face was executed together with the Deed of Trust—the Deed of Trust explicitly refers to a Promissory Note of the same date—and that provides for payment of the underlying $350,000 loan plus interest at a rate of 3.45% per annum by the end of 2028. (Matt Kennedy Decl. Ex. B.) To the extent the signed Promissory Note is found or the unsigned Promissory Note Defendants hold is deemed convincing evidence of its making and contents, the inconsistency between the date of last payment under the terms of the Deed of Trust and Promissory Note is unresolved, and that coupled with the fact that the last payment date has not yet passed under the terms of the Promissory Note differentiate this case from the cases Plaintiff cites in support of her request to clear the Deed of Trust from the title to the property.

The Deed of Trust purports to provide a last payment date, but by definition it is the role of the Promissory Note to provide the payment terms, including the payment period and interest rate on the loan. The parties provide no case law addressing the situation before the Court in which the payment period on the loan differs between the Deed of Trust and the Promissory Note. To the extent the Court would read them together under the rules of contract interpretation to determine the intent of the parties in entering into the two related agreements, the language defining the period of payment in the two agreements is clearly contradictory and gives no clear hint as to the parties' intent. Where the intent of the two agreements is unclear in the language of the instruments, the Court must first consider that

---

[2] Moreover, "litigants have a duty to preserve evidence which they know, or reasonably should know, is relevant in the action," and "[w]hen a party breaches that duty and does not properly preserve relevant evidence, a trial court has discretion to impose sanctions." *McMurtry v. Weatherford Hotel, Inc.*, 293 P.3d 520, 536 (Ariz. Ct. App. 2013) (internal quotations and citations omitted).

the Promissory Note is the primary obligation under Arizona law, and it by definition defines the loan payment terms.

Under Arizona law, the Court may also, where necessary, consider extrinsic evidence of the intent of the parties that entered into the related agreements containing conflicting terms. *See Taylor v. State Farm Mut. Auto. Ins. Co.*, 854 P.2d 1134, 1144–45 (Ariz. 1993). With regard to the parties' intent, Plaintiff focuses solely on the language of the Deed of Trust itself; she does not address the conflicting term of the unsigned Promissory Note. For their part, Defendants provide several pieces of evidence showing that the debt under the terms of the Promissory Note continued past 2012. As noted *supra*, Matt Kennedy has produced a 2017 email from Keith Kennedy to JP Morgan in which he lists the outstanding debt on the North 40th Street home "in favor of Glendalloch Holdings" by way of "a 25 year loan" with "no repayment schedule" such that "the interest merely accrues." (Kennedy Decl. Ex. A.) Defendants also provide the 2020 tax return of Glendalloch Holdings that lists as an asset a mortgage or real estate loan in the amount of $345,965, which is not inconsistent with the $350,000 loan it made under the Deed of Trust and Promissory Note.[3] (Kennedy Decl. Ex. C.) Both are evidence evincing an intent for payment on the debt to continue past 2012. Considering all these factors, it is likely the payment terms provided in the Promissory Note, if valid, will be enforceable.

In sum, Plaintiff has not shown a likelihood of success on the merits—let alone a strong likelihood as required for the mandatory injunction she seeks to issue—on her claim that the 2008 debt incurred in the purchase of the North 40th Street property has expired under the terms of the Promissory Note and Deed of Trust or under Arizona law. When "a plaintiff has failed to show the likelihood of success on the merits, we need not consider the remaining three" *Winter* elements for obtaining preliminary injunctive relief. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015); *DISH Network Corp. v. F.C.C.*, 653 F.3d 771, 776–77 (9th Cir. 2011). Thus, because Plaintiff has failed to show a likelihood that

[3] Plaintiff avers she did not carry the debt under the Deed of Trust and Promissory Note on her 2022 through 2025 tax returns. (Compl. ¶ 68.)

she will succeed on the merits of her claims, the Court must deny Plaintiff's request for preliminary injunctive relief.

**B. Irreparable Harm**

To the extent Plaintiff seeks injunctive relief, the Court would also find Plaintiff has not satisfied the *Winter* element requiring a showing she will suffer irreparable harm in the absence of injunctive relief. Plaintiff has only claimed she is incurring and will continue to incur financial damages as a result of the refusal of Defendants to release and return the Deed of Trust on the North 40th Street property (Mot. at 6; Reply at 10), and those damages are not irreparable, but rather Plaintiff can be compensated for her claimed damages with money. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) ("An injunction should issue only where the intervention of a court of equity is essential in order effectually to protect property rights against injuries otherwise irremediable[;] . . . the basis for injunctive relief in federal courts has always been irreparable injury and the inadequacy of legal remedies." (internal quotations omitted)); *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 879. By contrast, Defendants may hold a valid Promissory Note and Deed of Trust secured by the property, and an injunction releasing the Deed of Trust would convert their asset into one that is unsecured. (Resp. at 9.) For this additional reason, Plaintiff's request for preliminary injunctive relief fails.

**IT IS THEREFORE ORDERED** denying Plaintiff/Counterdefendant's Application for Preliminary Injunction, Expedited Special-Action Relief under A.R.S. § 33-420(B), and Order to Show Cause (with Notice) (Doc. 12).

**IT IS FURTHER ORDERED** that Plaintiff/Counterdefendant's answer to Defendants' Counterclaim (Doc. 14) is due **November 9, 2026**, under Federal Rule of Civil Procedure 12(a), and the Court will set a Rule 16 case management conference by separate Order.

Dated this 9th day of November, 2026.

Honorable John J. Tuchi
United States District Judge